No. 39,440

SECURITY STATE BANK OF GREAT BEND, KANSAS, *Appellant*, v. MIDWEST FOUNDRY, INC., *Appellee*.

(277 P. 2d 629)

Opinion filed December 11, 1954.

*Barton Carothers*, of Great Bend, argued the cause and was on the briefs for the appellant.

*Stanley E. Wisdom* of Wichita, argued the cause and *W. D. Jochems, J. Wirth Sargent, Emmet A. Blaes, Roetzel Jochems, Robert G. Braden, S. C. Durbin, J. Francis Hesse,* and *James W. Sargent,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to recover money. Judgment was entered for the plaintiff for a lesser amount than was asked in the petition due to a set-off allowed the defendant. The plaintiff has appealed.

The plaintiff, a banking corporation, alleged the defendant, Midwest Foundry, Inc., became indebted to the Spencer-Tobias Drilling Co., Inc. upon an account in the sum of $2424.92, and Spencer-Tobias had on August 28, 1952, assigned that account to plaintiff for the sum of $2400. The petition then contained an allegation as follows:

". . . and that on the 28th day of August, 1952, the Midwest Foundry, Inc., by its President, A. R. Franette, acknowledged and accepted said assignment of account; a true and correct copy of said assignment of account is attached hereto, made a part hereof and marked exhibit 'A.'"

The petition then alleged that account was due and payable to plaintiff in the sum of $2424.92, with interest, and that plaintiff had made demand upon defendant for the payment thereon and defendant had refused to pay.

Judgment was asked in that amount.

The assignment was attached to the petition. After the formal words of assignment, it contained the following:

"ACCEPTANCE

"Receipt is hereby acknowledged of a copy of the above assignment and said Assignment is accepted this 28th day of August, 1952.

"MIDWEST FOUNDRY, INC.
"Per. A. R. FRENETTE, Pres."

The defendant admitted the giving of the assignment, and its indebtedness to Spencer-Tobias Drilling Co., Inc. It stated, however, it was entitled to a set-off against the claim of plaintiff because prior to August 28, 1952, Spencer-Tobias was indebted to the defendant in the approximate sum of $2499, and about August 28, 1952, the drilling company executed its promissory note in the sum of $2400 to the defendant, and alleged the plaintiff was in no greater position to make its claim than the drilling company would have been on August 28, 1952, and the defendant was entitled to a set-off in the amount of $2400, leaving a net amount owing the plaintiff from defendant of $24.92.

The prayer of the answer was that plaintiff take naught by its suit under the general denial or that plaintiff take only $24.92.

The reply of the plaintiff was that the defendant was not entitled to an offset against the claim of the plaintiff by reason of alleged prior indebtedness or the execution of a promissory note by the Spencer-Tobias Drilling Company, Inc., in the sum of $2400 for the reason that defendant on August 28, 1952, accepted the assignment of an account owing from the defendant to the Spencer-Tobias Drilling Company, Inc., as set out in Exhibit "A."

There was a stipulation as to the facts that the statements about the indebtedness were true and that Exhibit "A" submitted represented the original of the assignment; that the plaintiff had made a written demand upon defendant for the sum of $2424.92; that Exhibit "B" was the original promissory note executed by the Spencer-Tobias Drilling Company, Inc., the same being the claimed set-off referred to in defendant's answer, and that on August 28, 1952, the president of the defendant company on ·behalf of it

read and executed Exhibit "B"; that no claim for set-off was made prior to its assertion in defendant's answer and there was no communication between the plaintiff and defendant other than as shown on the executed assignment prior to the institution of the lawsuit.

Exhibit "B," the promissory note, bore the date of August 28, 1952; was for thirty days and was signed by the president of the Spencer-Tobias Drilling Company, Inc.

The trial court held the defendant's answer set forth a valid set-off and that judgment should be rendered against the defendant and in favor of the plaintiff in the sum of $24.92 only and that the clerk should merge into judgment the original promissory note, dated August 28, 1952, in the amount of $2400, which is payable to the order of Midwest Foundry, Inc., and drawn by the Spencer-Tobias Drilling Company, Inc.

The motion for a new trial was for erroneous rulings of the court and that the decision was contrary to the evidence and the law.

The plaintiff has appealed. The specifications of error are the court erred in overruling plaintiff's motion for a new trial and the decision was contrary to the evidence and the law.

Plaintiff states the question to be—Does a debtor retain a right of set-off against an assignee of an account after the debtor has made an unqualified acceptance of the assignment?

The defendant relies on G. S. 1949, 60-715. This section provides in part as follows:

"When cross demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim or set off could have been set up, neither can be deprived of the benefit thereof by the assignment . . . of the other . . ."

The plaintiff concedes that a set-off cannot be defeated by mere assignment. It argues, however, that there is an added element in this case, that is, the so-called acceptance of this assignment by defendant. It argues such acceptance brings this case under the rule announced in 47 Am. Jur., p. 723, § 19, that:

"Where a debtor by his conduct induces an assignee of a claim against him to believe that the obligation will be met, and that there is no defense thereto, he will be held to have waived the right to avail himself of a setoff against the assignor in an action by the assignee."

Plaintiff concedes the defendant as a debtor was under no obligation to seek out the assignee and advise him of an offset or

·counterclaim, but argues that this acceptance was an affirmative act, acknowledging the debt.

This argument is good. When defendant accepted this assignment it had the effect of advising the assignee bank that defendant owed the assignor the debt assigned and would pay it when due.

It follows the judgment of the trial court is reversed with directions to enter judgment for the plaintiff for the amount for which suit was brought.